JAMES and MARY CROUSE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crouse v. Commissioner
Docket No. 12076-79.
United States Tax Court
T.C. Memo 1981-445; 1981 Tax Ct. Memo LEXIS 290; 42 T.C.M. (CCH) 799; T.C.M. (RIA) 81445; August 24, 1981
James and Mary Crouse, pro se. Rose A. Mendes, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1977 in the amount of $ 914.55. The only issue for decision is whether one-half of the net capital gain realized from the involuntary sale of petitioners' farm and principal residence was an item of tax preference subject to the minimum tax under section 56(a). [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. James Crouse and Mary J. Crouse (petitioners), husband and wife, resided in Mt. Orab, Ohio, at the time of filing their petition in this case. Petitioners filed their *292 joint Federal income tax return for calendar year 1977 with the Internal Revenue Service Center, Covington, Kentucky. In 1971 petitioners purchased a farm and their principal residence for a total of $ 16,000. Thereafter, petitioners made improvements on the residence amounting to $ 500. In 1975 or 1976 petitioners obtained various bank loans, aggregating between $ 35,000 and $ 40,000. Petitioners mortgaged their farm and residence as security for the bank loans. In 1977 the mortgagees foreclosed on their mortgages; petitioners' farm and residence were sold at a sheriff's sale for $ 59,000. The sale proceeds were utilized to pay the cost of the sale proceedings and a majority of the outstanding balance due on petitioners' bank loans. On their 1977 income tax return petitioners reported gain from the sale of their personal residence and farm as follows: Farm & Per. Res. Sale Cost 16000 1971 Per. Res.
Farm
36%
64%
Cost
5760
Cost
10240
Improvement
500
6260
Sale Price 59000 1977 Sale Price
21240
SalePrice
37760
Exp.
492
Exp.
874
Amount Realized
20748
Amount Realized
36886
Cost
6260
Dep. Taken
800
Gain
14488
Total
37686
Cost
10240
Gain
27446
*293 Sales Exp. $ 1366 In 1977 petitioners purchased a new residence. As permitted under section 1034, petitioners reported $ 4,748 as the currently taxable gain from the sale of their residence; they reported gain to the extent that the $ 20,748 adjusted sales price of their old residence exceeded the $ 16,000 purchase price of their new principal residence. Petitioners reported on Schedule D a net capital gain of $ 32,194 and reduced it by the section 1202 deduction resulting in a reported taxable capital gain of $ 16,097. At the time of filing their 1977 return, petitioners paid the $ 60 of tax shown as due on their return. In his statutory notice of deficiency, respondent determined that petitioners were liable for a minimum tax under section 56(a) in the amount of $ 914.55 for 1977, which amount was computed with respect to one-half of petitioners' net capital gain for 1977 pursuant to section 57(a)(9)(A). OPINION The only issue for decision is whether one-half of the net capital gain from the sale of petitioners' residence and farm in 1977 is an item of tax preference subject to the section 56(a) minimum tax. As part of the Tax Reform Act of 1969, Pub. L. 91-172, sec. *294 301(a), 83 Stat. 580, Congress enacted the minimum tax on tax preference items. Congress intended that taxpayers receiving certain types of income, which were not fully taxable as a result of a "preference" granted by the Code, would pay at least a minimum of tax on this income. [2] One of the tax preference items is one-half of the net capital gain, [3] as defined in section 1222(11). [4] One-half of the net capital gain is classified as a tax preference item because section 1202 allows a deduction of one-half of the net capital gain in arriving at the taxable net capital gain. Petitioners do not dispute *295 that in 1977 they realized a net capital gain of $ 32,194 from the foreclosure sale of their farm and personal residence. However, they argue that because the sale proceeds were fully utilized in paying both the costs of the sale proceedings and the majority of the balance due on the outstanding mortgages, they are not liable for payment of the minimum tax. In essence, they take the position that only cash in hand is subject to taxation. The operation of section 56 and section 57(a)(9)(A) is not predicated upon a taxpayer's receiving cash in hand. Rather, those sections require the payment of a minimum tax where the taxpayer has recognized a net capital gain and utilized section 1202 to reduce that net capital gain by one-half in computing the taxable capital gain. To the extent one-half of the net capital gain exceeds the greater of $ 10,000 or one-half of the tax reported for the year without consideration of the minimum tax, it is subject to a 15 percent minimum tax. Here one-half of petitioner's net taxable gain is $ 16,097. [5]
Even though in form petitioners *296 did not receive cash in hand, the substance of the transaction is as if the sale proceeds had been paid directly to petitioners who then used all the cash to pay the sale expenses and the mortgagees. Clearly, where, as here, a taxpayer's property is sold for an amount in excess of the taxpayer's basis, and the proceeds are utilized directly to discharge or reduce the taxpayer's debt, the taxpayer must recognize taxable gain on the sale as he would have if he had directly received the cash proceeds. The fact that the sale is involuntary does not affect the tax consequences. Helvering v. Hammel, 311 U.S. 504, 510 (1941); Danenberg v. Commissioner, 73 T.C. 370, 382 (1979). On their 1977 tax return petitioners had the right to and did claim a section 1202 deduction when reporting the net capital gain realized from the sale of their personal residence and farm. Therefore, it is clear that petitioners are liable for the minimum tax on one-half of the net capital gain realized from the 1977 sale of their principal residence and farm to the extent that amount exceeded $ 10,000. [6]
*297 Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. S. Rept. No. 91-552, 1st Sess. (1969), 1969-3 C.B. 423↩, 495. 3. Sec. 57 provides in relevant part as follows: SEC. 57. ITEMS OF TAX PREFERENCE. (a) In General.--For purposes of this part, the items of tax preference are-- (9) Capital gains.-- (A) Individuals.--In the case of a taxpayer other than a corporation, an amount equal to one-half of the net capital gain for the taxable year. ↩
4. Sec. 1222(11) defines "net capital gain" as the "excess of the net long-term capital gain for the taxable year over the net short-term capital loss for such year."↩
5. Respondent computed petitioner's minimum tax of $ 914.55 as 15 percent of $ 6,097 ($ 16,097 - $ 10,000).↩
6. Effective July 26, 1978, the gain from the sale or exchange of a principal residence is not taken into account for purposes of section 57(a)(9)(A). Section 57(a)(9)(D), I.R.C. 1954↩; section 421(b)(1), Pub. L. No. 95-600, 92 Stat. 2763, 2874. Therefore, if the sale of petitioners' principal residence had occurred after July 26, 1978, the gain realized from that sale would not enter into the calculation of the minimum tax due.